UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BERNARD KIRK BARNES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-325 |
| | § | |
| M BUTCHER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Bernard Kirk Barnes (TDCJ #01952319), a Texas inmate, alleges that his Constitutional rights were violated during a prison disciplinary proceeding (Dkt. 1). Barnes is proceeding *pro se* and has requested permission to proceed *in forma pauperis* (Dkt. 2). Barnes is barred by statute from proceeding *in forma pauperis*.

A national case index reflects that, while incarcerated, Barnes has filed at least three previous civil actions that have been dismissed by federal courts as frivolous or for failure to state a claim. *See* Western District of Texas Case Numbers 5:91-CV-892 and 5:92-CV-1184 and Southern District of Texas Case Number 3:95-CV-235; *see also* Western District of Texas Case Number 5:99-CV-14 at Dkt. 42 (listing prior strikes). Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if he has, while incarcerated, filed three or more civil actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

An exception exists for inmates who are "under imminent danger of serious physical injury." *Id*. To fit within the imminent-danger exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Barnes's pleadings do not show that he was in such danger at the time he filed this lawsuit; his only complaint is that the defendants did not give him due process during a prison disciplinary proceeding.

The Court **ORDERS** as follows:

1. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g). The case will be reopened if, within thirty days of the date of this order, Barnes pays the filing fee in full.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, this 21st day of December, 2017.

_____
George C. Hanks Jr.
United States District Judge